IN THE SUPREME COURT OF THE STATE OF DELAWARE

JONATHAN JOHNSON          §
                          §
    Defendant Below,      §   No. 465, 2022
    Appellant,            §
                          §   Court Below—Superior Court
    v.                    §   of the State of Delaware
                          §
STATE OF DELAWARE,        §   Cr. ID No. 1602004456A (N)
                          §
    Appellee.             §

Submitted: January 27, 2023
Decided: March 28, 2023

## ORDER

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUHGN**, Justices.

After consideration of the appellant's opening brief, the appellee's motion to affirm and the record below, it appears to the Court that:

(1)    The appellant, Jonathan Johnson, filed this appeal from the Superior Court's denial of multiple motions he filed, including motions for correction of illegal sentence.  The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Johnson's opening brief that his appeal is without merit.  We agree and affirm.

(2)    The record reflects that in September 2016 a grand jury indicted Johnson on multiple drug and weapon charges.  In April 2017, Johnson, pleaded guilty to drug dealing (cocaine) and possession of a firearm during the commission

of a felony ("PFDCF"). In the plea agreement, Johnson agreed that he was subject to habitual offender sentencing under 11 *Del. C.* § 4214(d). The State agreed to recommend the following sentence: (i) for drug dealing, eight years of Level V incarceration suspended for eighteen months of Level III probation; and (ii) for PFDCF, twenty-five years of Level V incarceration. After granting the State's petition to sentence Johnson as an habitual offender for PFDCF, the Superior Court imposed the recommended sentence. Johnson did not file a direct appeal, but did file unsuccessful motions and petitions challenging his convictions and sentence.[1]

(3) Between September 8, 2022 and November 15, 2022, Johnson filed multiple letters and motions, including motions for correction of illegal sentence, in the Superior Court. The Superior Court denied the motions on November 18, 2022 and Johnson's motion for reargument on January 3, 2023.

(4) In his opening brief, Johnson argues that his PFCDF sentence is illegal because it was imposed under a version of Section 4214(d) that went into effect after he committed the crime of PFDCF and one of the predicate offenses (maintaining a vehicle for keeping controlled substances) is no longer a felony-level offense. He does not make any arguments concerning the Superior Court's denial of his other

---

[1] *See, e.g., Johnson v. State*, 2022 WL 3695880, at *1 (Del. Aug. 25, 2022) (affirming the Superior Court's summary dismissal of Johnson's second motion for postconviction relief); *Johnson v. State*, 2021 WL 4699252, at *1 (Del. Oct. 7, 2021) (affirming the Superior Court's denial of Johnson's first motion for postconviction relief); *In re Johnson*, 2020 WL 1881069, at *1 (Del. Apr. 15, 2020) (dismissing Johnson's petition for a writ of mandamus).

motions in his opening brief and has therefore waived any arguments as to those motions.[2]

(5) We review the denial of a motion for sentence correction for abuse of discretion.[3] We review questions of law *de novo*.[4] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[5]

(6) The plea agreement included Johnson's agreement that he was subject to habitual offender sentencing under Section 4214(d) based on previous convictions for second-degree assault in 2002, maintaining a vehicle for keeping controlled substances in 2003, possession with intent to deliver in 2006, and possession of a firearm by a person prohibited in 2007. The State's filed the habitual offender petition under Section 4214(a) and requested imposition of habitual offender sentencing under Section 4214(d). The petition identified the same convictions identified in the plea agreement.

---

[2] Supr. Ct. R. 14(b)(vi)(3) ("The merits of any argument that is not raised in the body of the opening brief shall be deemed waived and will not be considered by the Court on appeal.").

[3] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).

[4] *Id.*

[5] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

(7)     At the time of the filing of the habitual offender petition on July 26, 2017 and the imposition of Johnson's sentence on October 26, 2017, Section 4214(d) provided:

> Any person who has been 2 times convicted of a Title 11 violent felony, or attempt to commit such a violent felony, as defined in § 4201(c) of this title under the laws of this State, and/or any comparable violent felony as defined by another state, United States or any territory of the United States, and who shall thereafter be convicted of a third or subsequent felony which is a Title 11 violent felony, or an attempt to commit such a violent felony, as defined in § 4201(c), shall receive a minimum sentence of the statutory maximum statutory penalty provided elsewhere in this title for the third or subsequent Title 11 violent felony which forms the basis of the State's petition to have the person declared to be an habitual criminal, up to life imprisonment, unless the felony conviction allows and results in the imposition of capital punishment.[6]

Based on the two violent felony convictions for second-degree assault[7] and possession with intent to deliver,[8] Johnson faced a minimum sentence of twenty-five years of Level V incarceration for PFDCF under this version of Section 4214(d).[9]

(8)     This Court has held, however, that the version of the habitual offender statute that applies is the one in effect the time the defendant committed the offense

---

[6] 11 *Del. C.* § 4214(d) (effective April 13, 2017 to July 10, 2018).
[7] 11 *Del. C.* § 4201(c) (designating second-degree assault as a violent felony).
[8] *Id.* (designating possession with intent to deliver under 16 *Del. C.* § 4751 as a violent felony)
[9] 11 *Del. C.* § 1447A (defining PFDCF as a Class B felony); 11 *Del. C.* § 4201(c) (designating PFDCF as a violent felony); 11 *Del. C.* § 4205(b)(2) (defining the sentence range for PFDCF as two to twenty-five years of Level V incarceration).

for which he is being sentenced.[10] At the time Johnson committed the crime of PFDCF on February 6, 2016, Section 4214(d) provided:

> A conviction of rape or kidnapping under either § 763 or § 783 of this title, as the same existed and were defined prior to the amendment of this section, shall be considered a prior conviction for the purpose of the effectiveness and applicability of this subsection, this section and § 4215 of this title.[11]

The State does not contend that this section has any applicability to Johnson.

(9)     But based on Johnson's previous felony convictions, the State notes that Johnson would have faced the same twenty-five year sentence under the version of Section 4214(a) in effect when he committed PFDCF that he faced under the version of Section 4214(d) in effect at the time of his sentencing. On February 6, 2016, Section 4214(a) provided:

> Any person who has been 3 times convicted of a felony, other than those which are specifically mentioned in subsection (b) of this section, under the laws of this State, and/or any other state, United States or any territory of the United States, and who shall thereafter be convicted of a subsequent felony of this State is declared to be an habitual criminal, and the court in which such fourth or subsequent conviction is had, in imposing sentence, may in its discretion, impose a sentence of up to life imprisonment upon the person so convicted. Notwithstanding any provision of this title to the contrary, any person sentenced pursuant to this subsection shall receive a minimum sentence which shall not be less than the statutory maximum penalty provided elsewhere in this title for the fourth or subsequent felony which forms the basis of the State's petition to have the person declared to be an habitual criminal except that this minimum provision shall apply only when the fourth or

---

[10] *Wright v. State*, 2022 WL 499979, at *3 & n.14 (Del. Feb. 17, 2022).
[11] 11 *Del. C.* § 4214(d) (effective July 3, 2013 to July 18, 2016).

5

subsequent felony is a Title 11 violent felony, as defined in § 4201(c) of this title.[12]

(10) The habitual offender petition identified three predicate felony convictions: second-degree assault, maintaining a vehicle for keeping controlled substances, and possession with intent to deliver and federal possession of a firearm by a felon (as one predicate conviction). Johnson argues that the maintaining a vehicle conviction does not qualify as a predicate felony conviction for habitual offender sentencing because it is no longer a felony-level offense, but this Court has previously rejected similar arguments. In *Ayala v. State*, for example, we held that a defendant was subject to habitual-offender sentencing under Section 4214(a) because he "undeniably had been convicted three times of Delaware felonies," even though the General Assembly had later eliminated or reclassified from a felony to a misdemeanor two of the predicate offenses.[13]

(11) Under these circumstances, Johnson's habitual offender sentence is not illegal. Johnson agreed in his guilty plea that he was subject to habitual offender sentencing and that he had four previous felony convictions. The State's habitual offender motion provided a sufficient basis to declare Johnson a habitual offender under the correct version of Section 4214. Johnson faced the same sentencing range

---

[12] 11 *Del. C.* § 4214(a) (effective July 3, 2013 to July 18, 2016).
[13] 204 A.3d 829, 838-40 (Del. 2019). *See also Garnett v. State*, 2022 WL 1639226, at *3 (Del. May 23, 2022) (rejecting the appellant's argument that he did not have sufficient predicate convictions for habitual offender because maintaining a vehicle for keeping controlled substances was no longer a felony-level offense).

under the incorrect version of Section 4214 that he faced under the correct version of Section 4214, and he was sentenced to the same minimum sentence. Johnson has not shown that his habitual offender sentence for PFDCF exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or not authorized by the judgment of conviction. We therefore affirm the Superior Court's denial of Johnson's motions for correction of illegal sentence, albeit on grounds different than those relied upon by the Superior Court.[14]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[14] *Unitrin, Inc. v. Am. Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (noting that the Delaware Supreme Court may affirm a trial court's judgment for reasons different than those articulated by the trial court).